Filed 7/14/23  Fulfillco v. LC&K Investment CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| FULFILLCO, INC., <br>     Plaintiff and Appellant, <br> v. <br> LC&K INVESTMENT, LLC, <br>     Defendant and Respondent. | A165189 <br><br> (Alameda County <br> Super. Ct. No. HG21104667) |

Fulfillco, Inc. (plaintiff) sued LC&K Investment, LLC (defendant), and the trial court later granted defendant's special motion to strike the complaint.  (Code Civ. Proc., § 425.16; undesignated statutory references are to this code.)  Plaintiff appeals, and we affirm.

### BACKGROUND

In 2018, defendant leased its Union City warehouse to Conway Ventures, Inc. (Conway) in exchange for monthly rent of $51,748.[1] Paragraphs 12.2 and 12.3 of the lease authorized Conway to — under certain conditions — assign the lease and sublease the property; if Conway failed to pay rent, defendant could seek payment from the assignee or subtenant.  In 2019, Conway assigned the lease to plaintiff, which began paying rent to defendant.  Soon thereafter, plaintiff entered into a written agreement with

_____

[1] Our factual recitation is not intended to be exhaustive, but rather to place the issues before us in context.

1

Choice Logistics, Inc. (Choice) whereby plaintiff would provide logistical services — storage, warehousing, and transportation — for a fee. Choice could terminate the agreement for any reason with 30-days' notice.

Around May 2020, plaintiff stopped paying rent. Several months later, defendant filed an unlawful detainer action against plaintiff and Conway seeking $545,337 in unpaid rent. (Choice eventually learned about the lawsuit.) Plaintiff failed to answer the complaint, and defendant requested entry of default; while waiting for the trial court to enter plaintiff's default, defendant learned of plaintiff's agreement with Choice.[2] Defendant believed Choice was plaintiff's subtenant, that the lease permitted it to collect rent from a subtenant in the event of the tenant's failure to pay rent, and that plaintiff would continue failing to pay rent. Defendant was also "[l]ooking for a way to mitigate its damages."

In January 2021, defendant's counsel sent Choice a letter asserting plaintiff and Conway had breached the lease by failing to pay more than $500,000 in rent. The letter demanded Choice — as plaintiff's sublessee — send payments associated with its occupancy of the warehouse to defendant under paragraph 12.3 of the lease. If Choice failed to do so, defendant would seek to hold Choice liable for the payments. After receiving the letter, Choice agreed to send payments to defendant. But when the trial court set aside plaintiff's default in the unlawful detainer action, Choice reneged on its promise. In February, Choice terminated its agreement with plaintiff. Three months later, defendant filed a lawsuit against plaintiff and Choice for breach of contract stemming from the unpaid rent.

---

[2] The trial court entered plaintiff's default in the unlawful detainer action in February 2021.

This litigation followed. Plaintiff sued defendant for intentional and negligent interference with contractual relations and tortious interference with prospective economic advantage. The complaint alleged defendant's counsel induced Choice to breach its contract with plaintiff in January 2021 by falsely claiming Choice was plaintiff's subtenant and demanding Choice redirect payments to defendant. According to the complaint, defendant's counsel also interfered with, and disrupted, plaintiff's business relationship with Choice.

Defendant filed a special motion to strike (§ 425.16). The motion asserted plaintiff's claims arose out of the January 2021 letter — a communication made in anticipation of litigation — and the litigation privilege barred plaintiff's claims. In opposition, plaintiff argued the conduct giving rise to the complaint was not protected speech; plaintiff also suggested it had a probability of prevailing but did not counter the contention that the litigation privilege barred the claims. In a supporting declaration, plaintiff's counsel stated Choice's attorney told her Choice was concerned about the unlawful detainer action defendant had filed against plaintiff and that defendant's counsel had "badgered" Choice to redirect its payments to defendant. Plaintiff's counsel later learned Choice had declined to renew its agreement with plaintiff because it "did not want to become involved in a dispute" with defendant. Plaintiff's principal officer provided a declaration referring to the letter and describing the "harm and damage" caused by defendant's "interference."

The trial court granted the special motion to strike. It first determined defendant established the complaint arose out of protected activity — the letter. As the court observed, defendant anticipated bringing litigation against plaintiff for "default of the lease agreement"; before doing so,

3

defendant endeavored to mitigate its damages by seeking payment from Choice, which it believed was plaintiff's subtenant. The court next concluded plaintiff had not demonstrated a probability of prevailing because the litigation privilege barred the claims.

## DISCUSSION

Section 425.16 "provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Resolving a special motion to strike is a two-step process. At the first step, the defendant must show the claim arises from protected activity under the statute. (*Ibid*.) If the defendant makes this showing, the burden shifts to the plaintiff to establish a probability of prevailing on the merits. (*Ibid*.) We independently review the trial court's order granting a special motion to strike. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)

We begin by considering whether plaintiff's claims arise out of acts in furtherance of activity protected by section 425.16. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) Oral and written statements or writings "made before a . . . judicial proceeding," and such statements and writings "made in connection with an issue under consideration or review by a . . . judicial body" constitute protected activity. (§ 425.16, subds. (e)(1), (2).) Accordingly, numerous courts have held section 425.16, subdivision (e) protects demand letters sent by attorneys in anticipation of litigation. (See *Malin v. Singer* (2013) 217 Cal.App.4th 1283, 1293; *Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903, 918.) "A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1062.)

4

Here, it is undisputed the January 2021 letter to Choice was sent in anticipation of defendant's litigation against plaintiff and Choice. In support of the special motion to strike, defendant offered evidence it intended to sue plaintiff and Choice for breach of contract stemming from the unpaid rent, and evidence the letter was an attempt to mitigate its damages before initiating that litigation. Plaintiff's claims undoubtedly arise out of the letter. The complaint alleges defendant's counsel induced Choice to breach its contract with plaintiff by falsely claiming Choice was a subtenant and demanding Choice redirect payments to defendant; the complaint also alleges defense counsel interfered with — and disrupted — plaintiff's business relationship with Choice. Both the timing and nature of defendant's alleged interference coincide with the timing and content of the letter.

In urging us to reach a contrary conclusion, plaintiff insists the complaint doesn't arise out of protected activity because it "says nothing about" the letter. We are not persuaded. A plaintiff cannot avoid a special motion to strike "by attempting, through artifices of pleading, to characterize an action as a garden variety tort or contract claim when in fact the claim is predicated on protected speech or petitioning activity." (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1271–1272.) It is of no moment that the complaint does not explicitly reference the letter. This case is not like *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 217–218 — not cited by plaintiff — where an unfair business practices complaint "expressly alleged it was *not* based on any 'wrongs or facts arising from any peer review activities,' " and the declarations filed in opposition to the special motion to strike clarified that the litigation concerned "business torts," rather than protected activity. (*Id.* at pp. 206, 211, 217–218, italics added.)

5

Plaintiff's second contention — that a trial court may not look beyond the complaint when determining whether claims arise out of protected activity — fares no better. "In deciding whether the arising from requirement is met, a court considers the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based. . . . Thus, the court is not limited to examining the allegations of the complaint alone but rather considers the pleadings and the factual material submitted in connection with the special motion to strike." (*Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 408, internal quotation marks and citations omitted; see also *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79.) Plaintiff's reliance on *Alfaro v. Waterhouse Management Corp.* (2022) 82 Cal.App.5th 26, 32 is not to the contrary. In sum, we conclude the claims arise out of protected activity.

We now turn to the second step of the special motion to strike analysis — whether plaintiff has established a probability of prevailing on its claims. At this stage, we examine whether plaintiff has stated "legally sufficient" claims and "made a prima facie factual showing sufficient to sustain" judgment in its favor. (*Monster Energy Co. v. Schechter*, *supra*, 7 Cal.5th at p. 788, internal quotation marks omitted.) Plaintiff cannot satisfy its burden because the litigation privilege bars its claims. (*Geragos v. Abelyan* (2023) 88 Cal.App.5th 1005, 1031.) The privilege is absolute, and it "bars all tort cases of action except a claim of malicious prosecution." (*Ibid.*) As relevant here, the privilege applies to communications made by litigants in judicial proceedings to achieve the objects of the litigation, so long as the communications have a connection or logical relationship to that litigation. (*Ibid*.) The privilege may apply to prelitigation communication relating "to litigation . . . contemplated in good faith and under serious consideration."

6

(*Id.* at p. 1032.) An " 'attorney demand letter threatening to file a lawsuit if a claim is not settled' " is a " 'classic example' " of a communication to " 'which the privilege would attach.' " (*Dickinson v. Cosby* (2017) 17 Cal.App.5th 655, 682.)

Defendant's letter easily satisfies these criteria. Indeed, plaintiff doesn't argue otherwise. Instead, it contends the complaint arises out of noncommunicative conduct — e.g., defendant's act of "badgering" and "interfering" with plaintiff's contract with Choice. Merely relabeling the letter and communications is insufficient to overcome the litigation privilege (*Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467, 1486); in any event, plaintiff fails to persuade us that badgering and interfering are noncommunicative in this context. Plaintiff also suggests the litigation privilege does not bar its claims because the complaint is not based on the letter — according to plaintiff, the letter is merely "evidence of [defendant's] liability." This argument misses the mark. As discussed above, plaintiff's claims are based on protected activity. Thus, the privilege applies.

In sum, we conclude the trial court properly granted defendant's special motion to strike because plaintiff's claims arise out of protected activity and plaintiff failed to show a probability of prevailing. Having reached this conclusion, we need not address defendant's argument that plaintiff failed to establish a probability of prevailing even if the litigation privilege is inapplicable.

## DISPOSITION

The order granting the motion to strike is affirmed. Defendant is entitled to attorney fees and costs — including those incurred in this appeal — in an amount to be determined by the trial court. (§ 425.16, subd. (c)(1); Cal. Rules of Court, rule 8.278(a)(2).)

_____

Rodríguez, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A165189